**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Joanne Hinton, et al.,

Plaintiffs,

v.

Minneapolis Police Department, et al.,

Defendants.

Case No. 26-cv-4294 (DWF/DJF)

**ORDER**

---

This matter is before the Court on Plaintiffs Joanne Hinton (aka Curry), Teara Hinton, Keevin Hinton, and Allan Curry's ("Plaintiffs") *Motion for Authorization of United States Marshals Service to Effect Service of Process and, if necessary, Extension of Time* (ECF No. 9), Plaintiffs' Proposed Amended Complaint (ECF No. 10), and Plaintiff Teara Hinton's *Motion Regarding Representation and Protection of T.J.* (ECF No. 11). For the reasons stated below, the Court denies both Motions and denies Plaintiffs' request to file their Proposed Amended Complaint as their Amended Complaint.

Plaintiffs have not established good cause at this time for any extension of the deadline to serve their Complaint. Plaintiffs filed their Complaint on October 5, 2026 and Summonses were issued October 6, 2026. (ECF Nos. 1, 5, 6.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs have until January 4, 2027 to serve Defendants. *See* Fed. R. Civ. P 4(m). Plaintiffs still have significant time to accomplish service. Should Plaintiffs be unable to effect service by that date, they may move for a deadline extension based on any good cause to do so.

Plaintiffs' request for the U.S. Marshals Service to effect service of process on their behalf is also denied. A plaintiff may seek such assistance by obtaining *in forma pauperis* ("IFP") status.

*See* 28 U.S.C. § 1915(d). But in this case, Plaintiffs paid the filing fee and did not file IFP applications. Plaintiffs may still apply for IFP status, and the Court will direct the Clerk's Office to mail IFP applications to them. However, Plaintiffs are cautioned as follows:

- First, every Plaintiff must file his or her own IFP application that is separate and apart from the applications submitted by the other Plaintiffs. If only some, but not all Plaintiffs are approved for IFP status, this case will proceed as if none of the Plaintiffs have IFP status, and Plaintiffs will be required to effect service of process without assistance from the Court or the U.S. Marshals Service.

- Second, should Plaintiffs apply for IFP status, the Complaint (or any Amended Complaint if applicable) will be subject to review under 28 U.S.C. § 1915(e), and any claim that the Court finds lacking in merit on that review will be dismissed.

- Third, if Plaintiffs choose to seek IFP status, they must do so promptly. The Court will not extend the **January 4, 2027** deadline for service of process based on delay caused by Plaintiff's failure to promptly submit IFP applications.

The Court further denies Plaintiffs' request to file their proposed Amended Complaint (ECF No. 10) as their Amended Complaint. Plaintiffs may amend their complaint one time as a matter of course. *See* Fed. R. Civ. P 15(a)(1). However, pursuant to Local Rule 15.1, an amended complaint must be complete in itself and must not reference or seek to incorporate any other document. The original complaint cannot be incorporated by simply attaching it as an exhibit to the amended pleading as Plaintiffs apparently seek to do here. (*See* ECF No. 10, ECF No. 10-1.) The Court will permit Plaintiffs one more opportunity to file an amended complaint as a matter of course, but they must incorporate all parties, allegations, and claims into a single pleading. Moreover, they must file their proposed amended complaint prior to the deadline for amendment under Fed. R. Civ. P. 15(a)(1)(B) (within 21 days after Defendants answer the Complaint or serve them with a motion under Rule 12(b), (e), or (f) of the Federal rules of Civil Procedure). The original Complaint (ECF No. 1) remains the operative pleading at this time.

Plaintiff Teara Hinton's *Motion Regarding Representation and Protection of T.J.* (ECF No. 11) is also denied. To proceed with this action, the minor, T.J., would need a lawyer, not a Guardian

Ad Litem or other non-legal representative. Non-attorneys cannot litigate *pro se* on behalf of minor children, even if the minors cannot then bring the claims themselves. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (collecting cases).

Further, T.J. does not have an entitlement to a court-appointed lawyer. There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g., id.* at 889 (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Rather, "when an indigent [plaintiff] has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

Upon review of the Complaint, and the entire file, the Court does not find sufficient grounds to appoint a lawyer for T.J at this time. As a threshold matter, T.J. has not filed an application for IFP status, so there is nothing in the record to suggest that he is indigent. Moreover, Plaintiffs' proposed Amended Complaint (ECF No. 10) does not even identify T.J. as a party. Finally, as outlined herein, the operative pleading has not yet been finalized, given that Plaintiffs have signaled their intent to amend the Complaint. "Until the Court can evaluate the claims actually asserted in a pleading that complies with Rule 8, it cannot determine whether those claims present the kind of complexity supporting appointment of counsel." *Psomas v. Olmsted Cnty., Minnesota*, No. 26-cv-0323 (DWF/JFD), 2026 WL 893961, at *5 (D. Minn. Apr. 1, 2026). Ms. Hinton's motion (ECF No. 11) is denied for these reasons.

Accordingly, **IT IS HEREBY ORDERED** that**:**

1. Plaintiffs' *Motion for Authorization of United States Marshals Service to Effect Service of Process and, if necessary, Extension of Time* (ECF No. 9) is **DENIED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to mail an Application to Proceed *In Forma Pauperis* to each Plaintiff named in the original Complaint (ECF No. 1).

3. Plaintiff Teara Hinton's *Motion Regarding Representation and Protection of T.J.* (ECF No. 11) is **DENIED WITHOUT PREJUDICE.**

Dated: October 28, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge